UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNDEEP KISHORE                      ) | |
|                                  ) | |
|          **Plaintiff - Pro Se,**       ) | |
|    **v.**                                                   ) | |
|                                  ) | Civil Action No. 07-1299 (RMC) |
|                                  ) | (ECF) |
| **U.S. DEPARTMENT OF JUSTICE, et al.**   ) | |
|                                  ) | |
|         **Defendant.**                  ) | |
|                                  ) | |

## MOTION TO EXTEND TIME TO FILE ANSWER OR OTHERWISE RESPOND

Defendants, Federal Bureau of Investigations ("FBI") and the Executive Office for United States Attorneys ("EOUSA"), (collectively "Defendants"), by and through undersigned counsel, hereby move for a 90-day extension of time to file their answer or otherwise respond to Plaintiff's complaint, through and including November 23, 2007. Good cause exists to grant this motion.

1. Defendants' response to Plaintiff's complaint is due on August 24, 2007.

2. Defendants require additional time to file a response. Undersigned counsel has been advised by both the FBI and EOUSA that they recently discovered responsive information to Plaintiff's Freedom of Information Act ("FOIA") request, and that additional processing time will be required. Therefore, this extension is necessary to enable Defendants to scan and process the materials and forward them to plaintiff, in order to possibly avoid further litigation.

3. Specifically, by letter dated August 21, 2007, the FBI advised Plaintiff of the existence of documents responsive to his FOIA request, and informed him that his request would be prioritized based on Plaintiff's January 30, 2006 request letter. *See* Exh. A, attached

herewith. The FBI estimates that it will require approximately 90 days to complete the process.[1]

EOUSA anticipates sending a similar letter shortly.

    4. Because Plaintiff is incarcerated, and is proceeding *pro se*, Local Rule 7(m) does not apply to this motion. Undersigned counsel, therefore, has not obtained his position as to the relief requested.[2]

---

[1] The FBI notes that the 90 days is a good faith estimate. It has recently experienced a significant increase in its FOIA litigation workload, including several urgent and competing federal district court litigation deadlines, including, but not limited to, the following:

(1)    In the FBI's largest FOIA litigation in its history, *Rosenfeld v. U.S. Department of Justice*, et al., Civ. A. Nos. 90-3576-MHP, 85-1709-MHP and 85-2247-MHP (N.D. Cal.), the FBI has been ordered by the Court to conduct hand searches of its COINTELPRO files for numerous subjects and to open 13 new FOIA requests on individual subjects. In order to comply with these demands, the FBI has again had to realign its personnel resources and has made a substantial commitment of resources to address these court-ordered issues.

(2)    In *Electronic Frontier Foundation v. Department of Justice, et al.*, Civ. A. No. 06-CV-1708 (D.D.C.), plaintiff seeks disclosure of records concerning DCS-3000 and Red Hook, which are tools that the FBI has developed to conduct electronic surveillance. The FBI had requested an Open America stay which was granted until May 9, 2008 with a further possibility of an extension. The FBI has identified over 19,000 pages of potentially responsive records of which 1,604 pages have been released to plaintiff. Interim releases are due every four weeks.

(3)    In *Electronic Frontier Foundation v. Department of Justice, et al.*, Civ. A. No. 06-1773 (D.D.C.), plaintiff seeks records concerning the scope and privacy impact of the FBI's Investigative Data Warehouse, a huge database that holds hundreds of millions of records. The FBI has located approximately 70,000 potentially responsive pages and has reviewed approximately 30,000 to determine if responsive.

(4)    In *Electronic Frontier Foundation v. Department of Justice*, Civ. A. No. 07-CV-656 (D.D.C.), plaintiff seeks information on National Security Letters. The FBI has estimated approximately 100,000 responsive pages. The court has ordered that the FBI process 2,500 pages every 30 days until completion.

[2] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner *pro se* parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner *pro se* parties from the Court's meet-

4. This is the first request made for an extension of this deadline.

WHEREFORE, Defendants request that this enlargement be granted, and that the date for the response to the complaint be extended to November 23, 2007. A minute order is requested.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney

_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C. 20530

---

and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any nonprisoner *pro se* party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2007, I caused the foregoing *Motion to Extend Time* to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

SUNDEEP KISHORE
#517067-LCF-GED 1D116
8607 S.E. FLOWER MOUND ROAD
LAWTON, OK 73501-9765

                                           /s/
                                      MERCEDEH MOMENI
                                      Assistant United States Attorney
                                      555 4th Street, NW
                                      Civil Division
                                      Washington, DC 20530
                                      (202) 305-4851
                                      (202) 514-8780 (facsimile)



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D. C. 20535-0001

August 21, 2007

Mr. Sundeep Kishore
**517067
Lawton Criminal Facility
Lawton, OK 73501

Re: FOIPA No: 1067407-000
Subject: Sundeep Kishore

Dear Mr. Kishore:

    This is to advise you that we are re-opening your captioned request. The Oklahoma City Field Office documents previously requested by you are now available for review and release determination.

    You were initially denied access to these documents pursuant to FOIA exemptions (b)(7)(A) and (b)(7)(C). Your subsequent request to the Oklahoma Field Office was forwarded to FBI Headquarters (FBIHQ). Upon receipt of your request, FBIHQ inadvertently searched our indices for Headquarters files only, and as a result erroneously responded to you with a no record determination. This letter is to correct the record and advise you that the assertion of (b)(7)(A) is no longer warranted.

    The Oklahoma City documents have been received at FBI Headquarters and are currently being scanned into our Freedom of Information Act Document Processing System.

    The FBI recognizes the delay in accurately responding to your request and, as a result, your request will be prioritized based on the date of your January 30, 2006 letter and processed for release accordingly.

Sincerely yours,

David M. Hardy
Chief
Record/Information
  Dissemination Section
Records Management Division

GOVERNMENT EXHIBIT
A