United States District Court
For The District of Columbia

```
SUDEEP-KISHORE                    )
PLAINTIFF PRO-SE                  )   Civil Action
                                  )   No. 07-1299 RMC
                                  )
U.S. DEPARTMENT of JUSTICE        )
U.S. ATTORNEY'S                   )
FBI                               )
```

RECEIVED
SEP 10 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

"Motion To Deny Defendants Time To File Answer Or Otherwise Respond."

Defendants, FBI, and EOUSA, and USDOJ, collectively "Defendants", should be denied extension of time, due to their material mis-representation, that they recently discovered responsive information to plaintiff's FOIA and Privacy Act request.

Defendants have willfully, intentionally, and in bad faith violated the Privacy Act, and the FOI Act.

Defendants are deceiving the court, just as they have been deceiving the plaintiff for years. Plaintiff tried to get access to his records, before his trial started in Oklahoma County in 2003; and my other trial in Lincoln County, OK in 2006. In both courts, plaintiff filed Discovery motions

... were ignored by the state government, and ... federal agencies. PLAINTIFF then started the ... of FREEDOM of INFORMATION, PRIVACY ACT ... See EXHIBIT A, attached herewith. ... B, from FBI clearly shows my request ... forwarded from the OKLAHOMA CITY FIELD Office ... AUGUST 25, 2005. These two are the request N... ... 793-000, and 1027586-000

... C RE: APPEAL No 05-1481 RLH:ADW ... Co-DIRECTOR RICHARD L. HUFF, Office of INFORMATION ... PRIVACY, clearly shows that the agencies knew ... the records existed in OKLAHOMA-CITY, and ... did not inadvertently search their indices to HEADQUARTERS files only, but in their steadfast process ... stonewalling, have regularly maintained a "no records" mantra, knowingly and willfully.
... D. LETTER from ROBERT G. McCAMPBELL, UNITED ... ATTORNEY, dated MARCH 28, 2005
... E1,2. REQUEST NUMBER 05-2020 dated July 21, 05

Defendant's response is in bad faith, and is contradicted by evidence in the record, of the plaintiff... ... for years.

It is only after the PLAINTIFF's legal action, ...

"Defendants" feel the obligation to change their conduct, but this is not voluntarily done, but due to litigation. Non-disclosure was willful, and intentional, and statements that were knowingly made falsely, and with reckless disregard for the truth.

I have been "actually prejudiced" by the inability to get access to these records, and this information contains impeachment and exculpatory evidence, withheld so far, and which has caused me a loss of substantial due process rights, and Rights of EQUAL PROTECTION, EQUAL JUSTICE and EQUAL RIGHTS

Time is of the essence in a FOIA/Privacy Act case, and that there was no "just reason for delay" in the appeal of this issue.

Exhibit F. ENVELOPE showing plaintiff had sent FOI/PA Unit request to the FBI-OKC address and they sent the request back, dated 1 Feb, 2006.

I am the aggrieved person, and the failure of the "Defendants" to process FOI/PA Unit request in a timely fashion of over three years, is tantamount to denial, and that the Defendants have not behaved judiciously.

I seek leave from the Court to file an

amended complaint against the OKLAHOMA City police department, PRAGUE CITY police, Lincoln County SHERIFF's Office, OKLAHOMA County DISTRICT ATTORNEY's office, LINCOLN County DISTRICT ATTORNEY's office, OKLAHOMA County DISTRICT JUDGE, LINCOLN COUNTY DISTRICT Judge, OKLAHOMA COUNTY PUBLIC DEFENDANT's office, and being able to add several individual FBI AGENT's as defendant's collectively with the FBI, and EOUSA, and USDOJ, as the federal defendant's."

"... have substantially prevailed, and PLAINTIFF requests the Court to determine from the facts whether the search for records was adequate, whether the federal agencies action's were arbitrary, capricious, an abuse of discretion, and not in accordance with statutory laws."

Plaintiff seeks INJUNCTIVE relief, from the Court, ordering the "Defendants" to give a detailed affidavit showing the numerous requests by the plaintiff, of requesting FOIA records, and the relentless effort by the plaintiff to get access to my records from the Agencies, and the appeals process, and detailing the efforts of the EOUSA, FBI, USDOJ to produce these records, and to give a summary judgment, showing the various Agencies unreasonable

obduracy in refusing to comply with the FOIA/PA Unit requirements. [Requested] information that sheds light on an agency's performance of it's statutory duties falls squarely within [FOIA's/PA Unit] statutory purpose.

Defendants should be also ordered to pay attorney fees, and costs associated with the years of futile attempts by plaintiff to get full agency disclosure. I should be allowed attorney fees and costs, to encourage FOIA suits that benefit the public interest, and (2) to serve as compensation for enduring federal agency's unreasonable obduracy to comply with statutory requirements. There is a public interest in exposing, and preventing the reoccurrence of alleged mis-conduct by Agency employees. There should be a summary judgment ruling to decide whether the challenged conduct involves an element of judgment or choice.

"Defendants" should be asked to complete the request within twenty days, as the plaintiff had since 2003 given the exact location, names of all the agents involved, exact dates, etc.

Exhibit G. FBI Agent CHRISTOPHER WAGNER, was charged with FALSE REPORTING of CRIMES in CLEVELAND COUNTY, OK.

Page 6-9

In view of the total federal agency involvement of federal employees, from the beginning of this investigation, to the "destruction" of exculpatory and impeachment information, even before the search and arrest warrant was got by using known false information, to the total federal involvement in the search and arrest process, then the interrogation process where every method of intimidation was involved, even denying plaintiff consular notification, to the collection of evidence, destroying records of calls made by FBI-CI on 3-1-03, and destroying evidence that FBI-CI was ordered to go into the building where FBI knew search warrant was going to be executed to plant narcotics and to entrap plaintiff, then destroying evidence and records which could show that both the FBI-CI, and alleged victim owed the plaintiff substantial amounts of money. Agents with a lack of ethics, and themselves guilty of moral turpitude, in their zeal to convict and get generic revenge, constantly violated and raped the spirit of the Law. The FBI the "heaviest badge in the state" let their biases, prejudices, their emotions, their stereotyping, based on ethnicity,

...nal origin, maybe a member of a suspect ... racial, religious and ethnic issues, ... they were going to deprive me of ... my rights.

... the conspiracy of silence began, after ... conspiracy to pollute and destroy evidence, ... a conspiracy to destroy my civil and ... rights.

... material that could have been used as ... defense has been destroyed, tampered ... sanitized, and "deep-sixed."

... only power I have with these ... is to embarass the bastards. I ... to be silenced, and the "defendants" ... tried to silence me for three years.

Embassy of AUSTRIA officials, in WASHINGTON ... can testify, that the KONSULAR ATTACHE ... and SOCIAL AFFAIRS MRS. INGRID R ... McKINNON, and the AUSTRIAN CONSULAR GENERAL Mr. MARTIN-KRAEMER, both tried to intercede ... the FBI, and were told they have "no records."

The FBI should also not be allowed to deny ..., quoting exemptions, after years of denying any records exist.

Fundamental fairness should not allow the United States to profit from it's own wrong doing, tampering with evidence, entrapment, 'trial by ambush', violating statutory laws.

Plaintiff also requests the Honorable Judge to note that the plaintiff is a indigent pro se counsel, and is going against the might of the federal government, and I am not aware of every legal trickery or argument. Wherefore, Plaintiff requests, Defendants should be given a maximum of twenty days to produce the information, give an affidavit giving a detailed account of how many times plaintiff tried, and how many times he appealed to get access to his records, and monetary damages be assessed.

Plaintiff should also be allowed to amend the complaint, as there can be future Bivens claims against individuals of the FBI, and EOUSA, and USDOJ as government agents "deliberately departed from standard procedure and deliberately violated my constitutional rights. A minute order is requested.

Respectfully submitted

Kishore

Sundeep Kishore

# Certificate of Service

I hereby certify that on this 5th day of September 2007, I caused the foregoing Motion To Deny Defendants Time To File Answer Or Otherwise Respond to be served on Defendants U.S.D.O.J., U.S.A., FBI, to Assistant United States Attorney Mercedeh Momeni, postage prepaid as follows:

Mercedeh Momeni
Assistant United States Attorney
555 4th Street NW
Civil Division
Washington D.C. 20530

S. Kishore

Sundeep Kishore
# 517067 LCF-GEO
8607 S.E. Flower Mound R.
Lawton OK-73501-9765



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

April 15, 2005

Mr. Sundeep Kishore
8 A 23
201 North Shartel
Oklahoma City, OK 73102-2227

Request No.: 1018793-000
Subject: Kishore, Sundeep

Dear Mr. Kishore:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request noted above.

A search of the automated indices to the central records system files maintained at FBI Headquarters located no records responsive to your FOIPA request.

Although no records responsive to your FOIPA request were located, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" and the request number should be cited.

If you believe there may be responsive documents in one of our field office, you must write directly to the field office.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

EXHIBIT A

TOTAL P.02



6 b)

U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

August 25, 2005

MR SUNDEEP KISHORE
201 NORTH SHARTEL
OKLAHOMA CITY, OK  73102

Request No.: 1027586- 000
Subject: KISHORE, SUNDEEP

Dear Mr. Kishore:

☒ This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request. Your request was forwarded to FBI Headquarters from our Oklahoma City Field Office.

☐ For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐ To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐ If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒ We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐ Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Exhibit B

4) 3 copies please

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642          Washington, D.C. 20530

JUN 0 6 2005

Mr. Sundeep Kishore
No. 8-A-23
201 North Shartel                    Re:  Appeal No. 05-1481
Oklahoma City, OK  73102-2227             RLH:ADW

Dear Mr. Kishore:

You appealed from the action of the Headquarters Office of the Federal Bureau of Investigation on your request for access to records concerning you.

After carefully considering your appeal, I have decided to affirm the FBI's action on your request.

The FBI informed you that it could locate no records responsive to your request. It has been determined that the FBI's response is correct.

Regarding your suggestion that this Office intercede on your behalf with the Oklahoma authorities, the Freedom of Information Act was enacted by Congress as a vehicle by which individuals could obtain access to agency records maintained by the federal government. The function of the Office of Information and Privacy is limited to the adjudication of appeals from the denials of access to information pursuant to the FOIA by components of the Department of Justice. Accordingly, this Office does not have the authority to comply with your request.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Richard L. Huff
Co-Director

EXHIBIT C



**U.S. Department of Justice**

**ROBERT G. McCAMPBELL**
United States Attorney
Western District of Oklahoma

EXHIBIT D

210 West Park Avenue
Suite 400
Oklahoma City, Oklahoma 73102

(405) 553-8700
FAX 553-8885

March 28, 2005

Mr. Sundeep Kishore
8 A 25
Oklahoma County Jail
201 N. Shartel
Oklahoma City, OK 73102

Re: Freedom of Information Act Request
    Dated March 23, 2005
    Subject: FOIA Request

Dear Mr. Kishore:

Our office has received your letter dated March 23, 2005. Your letter has been forwarded to the Freedom of Information Act Unit, Executive Office for the United States Attorneys in Washington, D.C.

Federal regulation 28 C.F.R. Section 16.3 requires all U.S. Attorneys offices to forward FOIA requests to the FOIA Unit in Washington, D.C. That office coordinates the processing of all FOIA requests for all of the United Attorney Offices, and that office will respond directly to you regarding your request.

In the future, please direct all of your FOIA matters to the FOIA Unit in Washington, D.C. as this will accelerate the processing of your request.

The address for the FOIA Unit in Washington, D.C. is as follows:

> Freedom of Information Act/Privacy Act Unit
> Executive Office for United States Attorneys
> 600 E Street, N.W., Room 7300
> Washington, D.C. 20530-0001
> 202-616-6757
> Fax:202-616-6478

If you have any questions regarding this Matter, please direct your questions to the FOIA Unit in Washington, D.C.

Page two
Re: Freedom of Information Act Request

                      Very truly yours,

                      ROBERT G. McCAMPBELL
                      United States Attorney

                      Joe W. Higginbotham
                      Paralegal Specialist
                      FOIA/PA Contact

**EXHIBIT D**

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 05-2020

Subject: SELF (AUSA IN CHARGE)/OKW

Requester: MR. SUNDEEP KISHORE

JUL 2 1

Dear Requester:

   The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

   Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

   EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

   By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

EXHIBIT E.1

Form No. 001 - 9/03

Your request is being expedited. This does not guarantee that it will be processed within the statutory time frames.



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

AUG -8 2005

| | | | |
|---|---|---|---|
| Request Number: | **05-2020** | Date of Receipt: | **4-12-05** |
| Requester: | **Sundeep Kishore** | | |
| Subject: | **Self (AUSA in charge)** | | |

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.  [ ]   A search for records located in this office has revealed no records.

2.  [ x ]  A search for records located in the United States Attorney's Office(s) for the **Western District of Oklahoma** has revealed no records.

3.  [ ]   The records which you have requested cannot be located.

4.  [ ]   This office is continuing its work on the other subject/districts mentioned in your request.

5.  [ x ]  This is the final action my office will take on this particular request.

You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

EXHIBIT E2

Sincerely,

Marie A. O'Rourke
Assistant Director

Form No. 005 - 11/02



1(c)

PROSECUTOR: **MIKE MCDANEL**

IN THE DISTRICT COURT OF CLEVELAND COUNTY, STATE OF OKLAHOMA

| THE STATE OF OKLAHOMA, | ) | |
|---|---|---|
| PLAINTIFF | ) | |
| VS. | ) | CM-2005- 1379 CRK |
| **CHRISTOPHER W. WAGNER** | ) | MPD |
| Unknown | ) | |
| (DOB~~~~~~~) | ) | |
| (~~~~~~~~~~~) | ) | |
| DEFENDANT | ) | |

*1001673730*

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY }
**FILED** In The
Office of the Court Clerk

JUN 27 2005

**FALSE REPORTING OF CRIME**
**21 O.S. 589**

TIM D. KUYKENDALL, District Attorney, who prosecutes in the name and by the authority of the State of Oklahoma, comes into this Court the 27th day of June, 2005, and upon the affidavit of the undersigned Affiant, duly subscribed and sworn to by him as provided by law, states that on the 8th day of May, 2005, at 301 North Broadway, in the City of Moore, in Cleveland County, State of Oklahoma, **CHRISTOPHER W. WAGNER** did unlawfully, wilfully, wrongfully and without probable cause make a false report to one **LAURA BAXTER**, of the Moore Police Department, Cleveland County, Oklahoma, of circumstances indicating the possibility of a crime having been committed; that is to say, said defendant reported the offense that he had been shot which report was false, and which said defendant gave then and there wilfully, knowingly and without probable cause of the truth thereof, and which false report caused the exertion of police action and investigation thereof,

contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State of Oklahoma.

I have examined the facts in this case this ___ day of _____, 2005, and recommend that a warrant be issued.

TIM D. KUYKENDALL, District Attorney

By _____
Assistant District Attorney

JAM/kab

**Witnesses**

Laura Baxter, City of Moore, 301 N. Broadway, Moore, Ok 73160
Sgt. Fagans, MPD, 117 E. Main, Moore, OK 73160
Gayland Kitch, City of Moore, 301 N. Broadway, Moore, Ok 73160
Det. Griffin, MPD, 117 E. Main, Moore, OK 73160

Case # 05-17057

EXHIBIT G

3 copies

U.S. District Court Clerks Office
333 Constitution Avenue, NW,
Room 1225
Washington D.C. 20001

9-3-07

RE: Civil Action No 07-1299 RMC

Dear Madam,

I received on the 30th of Aug 07, a copy of the Motion for Extension of Time To File Answer or Otherwise Respond, by U.S. Asst. Attorney Momeni Mercedeh.
On the same day we had a stabbing incident at this facility, so I had no chance to go to the Law library to be able to research the issue, nor the ability to be able to use a typewriter, and I will not be able to use the services of the Law library till mid-week. I didn't know the time I had to respond, so I decided to hand write my Motion and send it immediately. I hope you could explain my position to the Honorable Judge. Please send me a stamped filed copy back.
Thanking You,
Respectfully
Kishore

Sundeep-Kishore #517067