# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SUNDEEP KISHORE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1299 (RMC)** |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This matter comes before the Court on *pro se* Plaintiff Sundeep Kishore's Motion to Deny Defendants Time to File Answer or Otherwise Respond. *See* [Dkt. #10]. The Court previously granted Defendants', Federal Bureau of Investigations ("FBI") and the Executive Office for United States Attorneys ("EOUSA"), (collectively "Defendants"), Motion to Extend Time to File Answer or Otherwise Respond. *See* August 24, 2007 Minute Entry Order. The Defendants represented that "they recently discovered responsive information to Plaintiff's Freedom of Information Act ("FOIA") request, and that additional processing time will be required. Therefore, this extension is necessary to enable Defendants to scan and process the materials and forward them to plaintiff, in order to possibly avoid further litigation." *See* Defs.' Motion to Extend Time to File Answer or Otherwise Respond ("Defs.' Mot.") [Dkt. #7]. Having shown good cause for the extension of time, the Court granted the Defendants' motion and ordered a response no later than November 23, 2007. The Court treats Mr. Kishore's filing as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and will deny the motion.

"A Rule 59(e) motion is discretionary and need not be granted unless the district court

finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).  Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).   By letter dated August 21, 2007, the FBI advised Mr. Kishore of the existence of documents responsive to his FOIA request, and informed him that his request would be prioritized based on Mr. Kishore's January 30, 2006 request letter.  *See* Defs.' Mot., Ex. A.  The Court determined that a 90-day extension of time was reasonable under the circumstances to allow for the documents to be produced based on the FBI's recent increase in its FOIA litigation workload, and to possibly avoid the need for further litigation.  *See id*. n.1. Accordingly, it is hereby

**ORDERED** that Mr. Kishore's Motion to Deny Defendants Time to File Answer or Otherwise Respond [Dkt. #10] is **DENIED**.

**SO ORDERED.**

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: September 21, 2007