UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Sundeep-Kishore,                    )
                                    )
    Plaintiff pro se                )
                                    )
V.                                  )  Civil Action No. 07-1299 RMC
                                    )
U.S. Department of Justice, et al,)
                                    )
    Defendants                      )


MOTION TO SHOW BAD FAITH OF "DEFENDANTS,"

AND WHY NO GOOD CAUSE EXISTS TO GRANT "DEFENDANTS'" MOTION.


The Defendants' motion submitted by the United States Attorney,

Mr. Jeffrey A Taylor, D. C. Bar No. 498610; Assistant United States

Attorney, Mr. Rudolph Contreras, D. c. Bar No. 434122; and

Assistant United States Attorney, Mr. Mercedeh-Momeni, specifically

states in Point No. 3: "specifically by letter dated August 21,

2007, the FBI advised Plaintiff of the existence of documents

responsive to his FOIA request, and informed him that his request

would be prioritized based on Plaintiff's Jan. 30, 2006, request

letter."

Defendants, Federal Bureau of Investigation (FBI), and the

Executive Office for United States Attorneys (EOUSA), (collectively

"Defendants"), by and through undersigned counsel, are willfully

making statements in bad faith, which are contradicted by evidence

in the record of the Plaintiff's, and in the records of the

# RECEIVED

OCT 4 - 2007

1

Defendants.

Deliberate deception of the Plaintiff, and of the Court is incompatible with the concept of fundamental fairness.

In Plaintiff's Motion to Deny Defendant Time to File Answer or Otherwise Respond, **Exhibit A** proves FBI had received a request on April 15, 2005.

**Exhibit C** clearly shows that on June 6, 2005, Plaintiff had already appealed the decision of the FBI that it could locate "no records."

**Exhibit D** shows that on March 28, 2005, the United States Attorney, Mr. Robert G. Campbell, acknowledged my FOIA request. **Exhibit E2** shows that on April 12, 2005, Assistant Director, Marie A. O'Rourke stated that no records existed in the United States Attorneys' Office(s) for the Western District of Oklahoma.

This evidence clearly refutes the "Defendants" not knowing of a request made by me before January 30, 2006.

This also refutes the statement that as Defendants' Exhibit A, the mistake by the FBI was inadvertent.

Non-disclosure was willful, intentional, and in bad faith.

Such a high degree of gross incompetence by numerous government officials is beyond the bounds of reason.

If, after all this evidence, the United States Attorneys' Office and the FBI still want to stonewall and make the Plaintiff face a wall of obfuscation, it will show the world that they are not living by the principles they profess to believe in. When the Defendants only want to subvert the truth, the United States

2

justice system loses all credibility.

A "state of war" is not a blank check for federal agents to use against alien persons.

If federal employees are free to ignore the law and statutes, to stultify it, to twist or disfigure its meaning in the name of a superior motive or a righteousness of cause, they invite their own undoing--they should not be allowed to wrap themselves in the flag, and to spit on the Constitution.

Under the FOIA Act, a requestor is entitled only to records that an agency has in fact chosen to create and retain.

**Yeager v. Drug Enforcement Admin., 678 F.2d 315, 321 (D. C. Cir. 1982).**

Plaintiff now provides **Exhibit H** - Prague Police Department Officer narrative, showing the Complainant as the Federal Bureau of Investigation.

Federal employees, as per the Hatch Act, were also responsible for getting the search warrant from the Lincoln County, Oklahoma, judge. The federal employees: Ron Bradford, Special Agents Chris Wagner, Robert Swarens, Robert Gillespie, and, as per Robert Gillespie's testimony during preliminary hearing in CF-2003-123 in Lincoln County, Oklahoma, the Supervisory Special Agent was Scott Chaffin.

The main evidence provided by the federal agents was that the plaintiff had insured a Mr. Watson, and made himself a beneficiary with the help of the FBI-CI Rendon. They used this information to get the search warrant, knowing that this was false information.

3

See **Exhibit I**, letter from Penn Mutual.

FBI Agents encouraged FBI-CI to provoke Plaintiff to say questionable things. This is the reason all the logs; the sealing procedure for the interception of oral communications; logs on all the meetings between FBI-CI and Plaintiff; logs of all the electronic and physical surveillance; logs to show how many monitoring devices were provided to FBI-CI; and the fact that the FBI-CI had the ability to shut the machine on and off, at will, were never produced. No information has been provided that the FBI-CI was asked to enter site where search warrant was going to be executed, when Plaintiff was not there--this was known to federal agents as the Plaintiff was under their surveillance--and had FBI-CI to plant narcotics.

Federal agents testified about the life insurance policy in CF-2003-1331 in Oklahoma County, Oklahoma, in May 2005, knowing this was perjured testimony.

Logs showing FBI-CI Rendon's movements on March 1, 2003 and logs showing how many calls FBI-CI made to Plaintiff on March 1, 2003 were never handed over or shown.

Information about who supervised this investigation, who was in charge of the legal advice, the documentation to show chain of custody, documentation to show why the U. S. Attorneys' Office declined to prosecute, et cetera, is all information held in "records which are in existence," in the agencies of the FBI, the EOUSA, and the United States Department of Justice.

Plaintiff now provides **Exhibit J** - letter of October 13, 2005,

4

by Priscilla Jones, Chief Administrative Staff, Office of
Information and Privacy, U.S. Department of Justice as per my
request for appealing the actions of the FBI on request for
information.

**Exhibit K** - letter from Priscilla Jones, Chief Administrative
Staff, Office of Information and Privacy, dated December 19, 2005,
saying that my appeals from the actions of the FBI and EOUSA are
being processed.

**Exhibit L** - letter from the Criminal Division of U.S. Department
of Justice, showing that the Plaintiff twice tried to access
records maintained by the Justice / CRM-024 system of records.

**Exhibit M** - letter dated March 2, 2006, from Daniel J. Metcalfe,
Director, and Janice G McLeod, Senior Counsel, stating the EOUSA
could locate no records responsive to my request in the files of
the United States Attorneys' Office for the Western District of
Oklahoma.

**Exhibit N** - Letter of August 28, 2007, from Janice G McLeod,
Associate Director, affirming no records were kept by the FBI.

**Exhibit O** - letter from Plaintiff to Janice G McLeod, Associate
Director, U.S. Department of Justice, of June 30, 2007, requesting
someone with integrity to look into my search for records, instead
of just denying that these records exist.

Plaintiff has lost the records from the years 2003 and 2004, for
which he requested records, due to his move from county jail to
Lexington Assessment & Reception Correctional Center, Lexington,
Oklahoma, as one was not allowed to take with him any personal

belongings during the transfer.

Federal agents saw to it that in 2004, CF-5785 was filed in Oklahoma County, as they knew that they had destroyed documentation showing FBI-CI Rendon, and the alleged victim, Watson, owed Plaintiff money. The FBI was the sole agency in charge of the search, arrest, and booking in of the Plaintiff, and these records existed on March 1, 2003.

The adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search. **F.3d 311, 315 (D. C. Cir. 2003)**, citing **Meeropol v. Meese, 790 F.2d 942, 952-53 (D. C. Cir. 1986)**.

Can the Agencies (FBI, EOUSA, and U.S. Department of Justice) provide detailed declarations that they performed a search reasonably calculated to locate all responsive records, and "additional records or documents in relation to [Plaintiff's] case[,] [i]ncluding any audio, [v]ideo, or [p]hotographs of [s]urveillance..." **Id² James v. U. S. Customs and Border Protection, 474 F.Supp.2d 154 (D. C. Cir. 2007)**.

Records show the aggressive interrogation techniques used and the lack of judicial guarantees in the handling of Plaintiff as a suspect. And also show how federal agents ensured that no bond hearing was held. Federal agents knew of Section 3501(c), six-hour "safe harbor" period following arrest, and that is why federal agents' testimony in CF-2003-123 in Lincoln County, Oklahoma and in CF-2003-1331 in Oklahoma County, Oklahoma is perjured.

The automated Case Support System--electronic case file,

6

reports, entries;--are time-stamped, and that is why they hide them.

Did U. S. Attorneys authorize the release of information to the media or the FBI?

Anyone whose request for specific information under [FOIA] has been denied, and has standing to bring action. **Zivotosky v. Sec'y of State, 444 F.3d 614, 617 (D. C. Cir. 2006)**.

"An agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested. **Oglesby, 920 F.2d at 68**.

Citing **Maydak v. U.S. Department of Justice, 218 F.3d 760 (D. C. Cir. 2000)**, the amicus urges us to hold the EOUSA's interpretation is so unreasonable that, upon remand to the district court, the agency should not be allowed to invoke any of the exemptions in the FOIA. In Maydak, the Agency had invoked one exemption to support non-disclosure of certain information; on appeal it abandoned that exemption and asked the Court to remand the case to the district court so the Agency could there advance other exemptions. We held that an agency could not raise FOIA exemptions seriatim and ordered the Agency to produce all the relevant documents without regard to any belatedly asserted exemption. **Lacedra v. EOUSA, 317 F.3d 345 (D. C. Cir. 2003)**.

Agency employees were engaged in illegal activity with the FBI-CI Rendon to entrap defendant. Government impropriety occurred.

FBI and EOUSA must show that they made "a good faith effort to conduct a search for the requested records, using methods which can

be reasonably expected to produce the information requested."
**Oglesby v. Department of the Army, 920 F.2d 57, 68 (D. C. Cir.
1990).**

The Court should inquire regarding the adequacy of the search
itself. **Weisberg, 745 F.2d at 1485.**

"[D]isclosure, not secrecy is the dominant purpose of the Act."
**Department of the Air Force v. Rose, 425 U.S. 352, 361, 96 S.Ct.
1592, 48 L.Ed.2d 11 (1976); DOI v. Klamath Water Users Protective
Association, 532 U.S. 1, 8, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001).**

Because Plaintiff's request for information was denied under
FOIA, Plaintiff has standing to sue. **Zivotosky at 614, 617 (D. C.
Cir. 2006).**

Plaintiff has met the burden in challenging the response of the
EOUSA, FBI, and U.S. Department of Justice, and has presented
evidence to prove said same.

Plaintiff has substantially prevailed. The results of this suit
will benefit the public with regard to the rights of citizens,
particularly the right of citizens to be informed about what their
government is up to. Specifically, in this era of Attorney General
Alberto Gonzales, minority citizens need to know how the government
gives erroneous information, rife with contradictions,
inconsistencies, and outright lies.
This is federally-sponsored terrorism perpetrated by federal
employees on peoples of Asian and Middle Eastern ethnicity, denying
them their most basic of civil liberties, while passing their own
biases on to prosecutors and judges.

8

The American media purport this only happens in countries with dictators and in countries with histories of human rights abuses such as Iran or China or Venezuela, forgetting that democracy should be judged by the manner in which it treats its most despised. These same media should take a good look at how minorities of Middle Eastern, Asian and Hispanic origins are treated in the United States of George Bush.

The courts can stop this by properly enforcing rights, rather than by tolerating kangaroo courts such as those in Oklahoma.

The Court should take note of the power of the Defendants; their capabilities are vastly exceeding the resources of this pro se Plaintiff, who has minimal knowledge of the law. The Plaintiff has the opportunity to spend only a couple of hours each week in this facility's law library, which has no computers and, hence, no databases in which to research case law. The Plaintiff must read and track each piece of law, with only his very basic knowledge of the English language. In noting the complexities of the case and the merits of this indigent, pro se Plaintiff's claims, justice would be best served by appointing counsel to the Plaintiff, an advisor in legal matters.

Time is of the essence as Plaintiff cannot finish his post-conviction appeal without the information from the records which are being improperly withheld.

A party prevails, allowing the court to award costs, when the party achieves some benefit it sought on any significant issue in the litigation. Plaintiff prevailed in the FOIA case, and has met

the burden that the "Defendants:" (1) improperly (2) withheld (3) agency records. **Tax analysts, 492 U.S. at 142, 109 S.Ct. 2841. 5 U.S.C.A. §552. Citizens for Responsibility and Ethics in Washington v. U.S. Department of Labor, 478 F.Supp.2d 77.**

Plaintiff, over years of diligent effort, has exhausted all remedies after the several final agency actions, and has presented specific facts showing the government's bad faith during the litigation phase.

The Defendants' choice to violate state discovery laws--in collusion with the Oklahoma County District Attorney's Office--to keep exculpatory and impeachable information from the Plaintiff; and to make certain that Plaintiff was not brought to a bond hearing in which the investigation was federal in character. The search, arrest, and booking--as performed by federal agents--were done to deprive Plaintiff of one or more of his Constitutional Rights. The repeated omission of exculpatory evidence by federal investigators; the inclusion of debatably fabricated evidence; the hiding of the activities of the FBI-CI on March 1, 2003; destroying records of calls between FBI-CI and Plaintiff on March 1, 2003, et cetera, were deliberate actions directed toward the specific end result of prosecution, with absolutely no regard to the warning signs along the way that the Plaintiff was innocent.

The Defendants did not care that the Plaintiff's civil rights were violated, nor that they had breached all the Constitutional safeguards meant for the protection of citizens' basic rights. The defendants knew they were violating the Constitution, and paid no

heed.

They have successfully kept these records ~~form~~ <sup>from</sup> the Plaintiff for years.

Under FOIA guidelines, when the Justice Department does withhold information, it ordinarily must specify which exemption of the FOIA permits that withholding. This was not done in Plaintiff's request; it was unequivocally stated: "there are no records," even when Plaintiff described the records he sought.

Plaintiff requests that this Honorable Court direct the Defendants to show all correspondence relating to the requests the agencies received, and all correspondence from the appeals process.

Agencies supposedly handle requests on a first-come-first-served basis, Obviously this was not done in this case, nor is it being done now. This is a denial of equal justice for all as required by the constitution.

The Plaintiff also requests that he be provided with records showing how many FOIA requests were made to the Defendants, subsequent to his initial request. And how many have been served before him--Was this because of Plaintiff's skin color, ethnicity, political views, or the country of origin?

The release of records will show that the Plaintiff's civil rights were violated--the Fourth, Fifth, Sixth, Eighth, and fourteenth Amendments to the Constitution of the United States.

The defendants failed to provide the Plaintiff with a fair trial by fabricating evidence, and withholding exculpatory evidence; conspired to falsely arrest; kept Plaintiff from getting a bond

11

hearing; engaged in deceitful conduct; intentionally inflicted emotional distress; acted negligently in arranging the Plaintiff's prosecution; and initiated and maintained a malicious prosecution.

It is the Plaintiff's burden in challenging the adequacy of the agency's search to present evidence rebutting the FBI's, EOUSA's, and U.S. Department of Justice's initial showing of good faith search. **Weisberg 705 F.2d at 1351-52**, and Plaintiff feels that he has met that challenge, and has shown the Defendants' bad faith and improper motives in withholding access to his records as per FOAI/PA statutes.

Plaintiff asks that the Court carefully consider all the issues and confirm that there is enough proof of bad faith in the Defendants' conduct. Plaintiff requests that the Court issue a ruling.

Respectfully submitted,

Sundeep-Kishore

Lawton Correctional Facility

8607 S. E. Flowermound Rd.

Lawton, OK 73501

## CERTIFICATE OF SERVICE

I do hereby certify that on this ____1st____ day of October, 2007, I
caused the foregoing "MOTION TO SHOW BAD FAITH OF DEFENDANTS, AND
WHY NO GOOD CAUSE EXISTS TO GRANT DEFENDANTS' MOTION," to be served
on Defendants, postage prepaid, as follows:


Mercedeh Momeni

Assistant United States Attorney

555 4th Street N. W.

Civil Division

Washington, D. C. 20530

_____

Pro se Plaintiff,

Sundeep-Kishore

Lawton Correctional Facility

8607 S. E. Flowermound Rd.

Lawton, OK 73501

13

OS 10 O3676



## Penn Mutual
*A better way of life*

**Oklahoma Insurance Department**
# RECEIVED
NOV 14 2005
**Consumer Assistance Division**

November 8, 2005

Mr. Brad Bryant, Director
Consumer Assistance/Claims Division
Oklahoma Insurance Department
State of Oklahoma
P O Box 53408
Oklahoma City, OK  73152-3408

RE: Sundeep Kishore, inquirer

Dear Mr. Bryant:

I am responding to your letter dated October 27, 2005 regarding the above mentioned individual.

We have reviewed our files and determined that we have no information that the Penn Mutual Life Insurance Company insured "Mr. Jeff Michael Watson", the individual referenced in Mr. Kishore letter.  In addition, we have no information on Mr. Kishore's alleged attempts to effectuate a change of beneficiary.   We would be happy to review our records further upon receipt of some additional identifying information regarding coverage with our company, i.e. copy of a policy and/ or a premium notice showing the individual name and/ or policy number.

I hope this information is helpful. If I can render any further assistance, please feel free to contact me at 1-866-625-8504.

Sincerely,

*Lisa C Gottlieb*

Lisa C. Gottlieb
Market Conduct and Compliance Specialist

ATTACHMENT I

The Penn Mutual Life Insurance Company
Philadelphia, PA 19172 ■ (215) 956-8000 ■ www.pennmutual.com

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642

_Washington, D.C. 20530_

OCT 1 3 2005

Mr. Sundeep Kishore
No. 8-A-23
201 North Shartel
Oklahoma, OK 73102-2227

Re: Request No. 1027586-000

Dear Mr. Kishore:

This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on October 3, 2005.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0048**. Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

Sincerely,

Priscilla Jones
Chief, Administrative Staff

Write I.G. Julie Pearson, O.C.P.D. - 1
statement re: Swarens + book in
on 10-13-05 + 10-15-05.

ATTACHMENT - I

**U.S. Department of Justice**

Office of Information and Privacy

X 8 copy's

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

DEC 1 9 2005

Mr. Sundeep-Kishore
D.O.C. No. 517067, 2D206
8607 Southeast Flower Mound Road
Lawton, OK  73501

     Re:  Appeal Nos. 05-2587 and 06-0048

Dear Mr. Kishore:

     This responds to your letter dated November 25, 2005, regarding the status of your administrative appeals from the actions of the Federal Bureau of Investigation and the Executive Office for United States Attorneys.

     Your administrative appeal (No. 05-2587) has recently been assigned to a staff member of this Office for processing.  In reference to Appeal No. 06-0048, that appeal is still within our current backlog and has not yet been assigned to an attorney of this Office for processing.  Due to the large number of appeals received by this Office and the individual review given to each, it is very difficult to predict accurately when a determination will be reached on your appeal.  However, based on the average review time, we anticipate that the delay will extend at least for several weeks. ? ?

     I hope this information is of assistance to you, and again, request your continued patience.

                Sincerely,

                Priscilla Jones
                Chief, Administrative Staff

ATTACHMENT K

PAJ:CIH

What does several weeks mean - is it less than a month?
Do I put my file in front of the Senate Judicial Committee now??
Do I go ahead and file in U.S. District Court (federal) against, State of Oklahoma, District Court of Oklahoma County District Attorneys office of Ok County, Particularly D.A. Wes Lane + A.D.A. Ken Stone, Public Defenders office of OK County, F.B.I (OKC), U.S. Attorneys office of Western District of Oklahoma, and the U.S. Department of Justice.

Why is the Appeal taking so long?

Both the U.S. Attorney's Office and the F.B.I. had stated they had "no records", and this is "on record." Is it the fact that as both made untruthful statements, or directly lied, now they are trying to just cause delay after delay, to obstruct justice.

How many other cases do they have – where they first state, there are "no records" – then suddenly the Records Appear from Nowhere, or are Suddenly Made. Was I investigated under the "Domestic Spying" scenario. ???

TRENTADUE

**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

CRM-200600664P

SEP 1 4

Mr. Kishore Sundeep
#517067
8607 S.E. Flower Mound Road
Lawton, OH  73501

Dear Mr. Sundeep:

This is in response to your Privacy Act request dated June 6, 2006, for Criminal Division records concerning you.

In our search of the indexes for the Criminal Division systems you designated, we did not find any Criminal Division records pertaining to you, other than your previous request dated May 11, 2006, and our response of May 30, 2006, which are maintained in the Justice/CRM-024 system of records.

If you consider this response to be a denial of your request, you have a right to an administrative appeal of this determination.  Your appeal should be addressed to:  The Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. Both the envelope and the letter should be clearly marked with the legend "FOIA Appeal."  Department regulations provide that such appeals must be received by the Office of Information and Privacy within sixty days of the date of this letter.  28 C.F.R. 16.45.  If you exercise this right and your appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principal place of business, (3) in which the records denied are located, or (4) for the District of Columbia. If you elect to file an appeal, please include, in your letter to the Office of Information and Privacy, the Criminal Division file number that appears above your name in this letter.

Sincerely,

*Thomas J. McIntyre*  KM

Thomas J. McIntyre, Chief
Freedom of Information/Privacy Act Unit

ATTACHMENT L

Appealed on 21st Sep, 2006

**U.S. Department of Justice**

Office of Information and Privacy

ATTACHMENT M

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**MAR 0 2 2006**

Mr. Sundeep Kishore
ODOC No. 517067
Lawton Correctional Facility                Re:    Appeal No. 05-2587
8607 SE Flower Mound Road                           Request No. 05-2020
Lawton, OK 73501                                    BVE:GLB:KAM

Dear Mr. Kishore:

You appealed from the action of the Executive Office for United States Attorneys on your request for access to records concerning yourself. More specifically, you request the name of the federal prosecutor to whom the Federal Bureau of Investigation reported to during its investigation of you.

The EOUSA informed you that it could locate no records responsive to your request in the files of the United States Attorney's Office for the Western District of Oklahoma. It has been determined that the EOUSA's response is correct.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

By:

Janice G. McLeod
Senior Counsel

U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642    *Washington, D.C. 20530*

AUG 2 8 2007

Mr. Sundeep Kishore
No. 517067
Lawton Correctional Facility          Re:    Appeal No. 07-1001
8607 SE Flower Mound Road                    Request No. 1067407
Lawton, OK  73501-9765                       KAH:RMF

Dear Mr. Kishore:

This responds to your letter dated June 30, 2007, which I am interpreting as a request that I reconsider my decision on your appeal from the action of the Headquarters Office of the Federal Bureau of Investigation on your request for access to records pertaining to yourself.

After carefully considering this matter, I have determined that my original decision, as outlined in my letter to you dated July 12, 2007, was appropriate.

If you remain dissatisfied with my action on your appeal, judicial review thereof is available to you as indicated in my letter dated June 19, 2007.

Sincerely,

Janice Galli McLeod
Associate Director

ATTACHMENT N

Attachment O          FOI/PA Appeal

Janice Galli McLeod                                    6-30-07

Associate Director

Office of Information and Privacy

U.S. Department of Justice

Flag Staff Building, Suite 570

Washington D.C. 20530-0001

RE: Appeal No. 07-1001
Request No. 1067407
ADW: RMF

Dear Ms. McLeod,

In answer to your letter dated June 11, 2007, in which you suggest that the FBI - Oklahoma City Field Office "might have records responsive to my request."

I am sending you a copy of documents, I have, which show that I did request the Oklahoma City Field Office, in 2004 and 2005 and 2006. They forwarded my request to the FBI headquarters.

The Embassy of Austria, in Washington D.C., has also tried to help me out by requesting the FBI to release the pertinent records. The only response I get is that there are no records.

The FBI is willfully, and in bad faith purposely keeping these records from me, and

2

has been doing so, ever since 2003. They even denied these records, during my state trial, ensuring that I could not get a fair trial.

The FBI-OKC, and the U.S. Attorney for the Western District of Oklahoma were totally involved in making sure that I could not get a "fair-trial", and till today keep refusing that these records exist, and some records which were clearly exculpatory have been destroyed.

I hope someone with integrity in the United States Department of Justice, might look into this matter, instead of just denying that these records exist.

Thanking You,

Kishore

Sundeep-Kishore

Enclosed: Response from FBI- Request No. 1027565-000
Copy 1) Embassy of Austria, Washington D.C. 20008
2) U.S. District Court, Washington D.C. 20001.

#517067 LCF-GEO
8607 S.E. Flower Mound Rd
Lawton
OK-73501-9765.