UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Sundeep-Kishore,                )
                                )
        Plaintiff-Pro Se        )
                                )
V.                              ) Civil Action No. 07-1299 (RMC)
                                )
                                )   (ECF)
U.S. Department of Justice, et al,)
                                )
        Defendants              )

**RECEIVED**

OCT 2 9 2007

**MOTION TO SEEK CLARIFICATION ABOUT RULE 59(e)** NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**FEDERAL CIVIL PROCEDURE.**

Plaintiff has already provided documentation showing Defendants claim that "they recently discovered responsive information" to Plaintiff's Freedom of Information Act (FOIA) request is ambiguous, and in bad faith.

Plaintiff has given evidence clearly showing that requests were made to both the EOUSA and to the FBI, before January 30, 2006. Defendants have had a regular record of stonewalling. Defendants did not seek any exemptions to withhold the records all these years, but have always clearly stated, "no records" responsive to the Plaintiff's requests existed, clearly violating the FOIA statutes.

The Honorable Judge Collyer denied Plaintiff's previous MOTION TO DENY DEFENDANTS, under Federal Rules of Civil Procedure 59(e),

Plaintiff is incarcerated in Oklahoma, and is an indigent pro se litigant. The court should have taken into account that the Plaintiff is not permitted to use this facility's law library

1

daily, but rather, only for a couple of hours on Fridays.

Plaintiff did not receive notice of Honorable Judge Collyer's granting of permission to allow Defendants an extension of time, until the ten-day limit in which to respond was nearly expired.

To find out the meaning of Rule 59(e) is in itself a lengthy procedure, particularly when one is incarcerated within the entity of a private corporation, GEO, in which legal quagmires of the inmates are the least of their concerns.

Plaintiff is not being treated to the same rights the Defendants have. Plaintiff is not adept at legal matters, but as a matter of sheer necessity has had to delve into legal issues to resolve the illegalities of the Defendants' actions. The Defendants have experts in law ready to use all their legal finesse to their fullest power, as well as legal deceit and trickery in order to gain more time to create new documents and evidence, and to destroy what is not in their favor.

They have access to all the tools one needs in legal work, while this Plaintiff has only the bare minimum. The Plaintiff is being penalized for something for which he has no recourse to correct.

The end result will show total prosecutorial misconduct by the Oklahoma County district Attorney's office, especially by Assistant District Attorney Ken Stoner; a concerted effort by FBI agents to mislead and to confuse authorities about which agency procured the search warrant in Lincoln County, Oklahoma, and which agency and which officer arrested the Plaintiff.

This was done to hide the actual events that transpired during

the interrogation phase, and the evidence of what actually took place between the hours of 1800 and 2400 on March 1, 2003. The FBI agents had no qualms about misidentifying themselves as Oklahoma City police officers in Chandler, Lincoln County, Oklahoma, representing the Oklahoma City Police Department, when they got the warrant. Nor had they any qualms about giving this same opinion in both the Lincoln County and Oklahoma County courts. SEE Exhibits 1 and 2.

The quandary in which the Plaintiff finds himself after the synchronized efforts of the U. S. Attorneys, the FBI, the Oklahoma County District Attorneys' office, and the Oklahoma County Public Defenders' office, gave a guarantee that no Due Process rights were going to be extended to the Plaintiff--the trial was going to be a farce, with perjured testimony, fabricated evidence, misstatements; the FBI-CI was allowed to do everything illegal.

The Office of Professional Responsibility, U. S. Department of Justice, was made aware of this, and elected to do nothing.

As of October 17, 2007, the FBI has failed to produce a single page of documentation.

Justice in America is going the way of Bush: radical; unfair; and unjust, while professing in a belief of justice. Federal agencies are being used to target individuals.

Where, in any of the behavior of the Defendants, are Equal Justice, Equal Protection, Equal Rights?

It appears that law enforcement has special rights, which the Plaintiff did not have. Defendants have violated the Plaintiff's

rights, and continue to do so.

The Defendants recently posted a Motion seeking to know what the Plaintiff wrote in a confidential document to Judge Collyer. Plaintiff has no copies of this document, and the Honorable Judge can inform the Defendants of this matter.

Plaintiff has handed the letter signed by all three, a renowned U. S. Attorney and two Assistant U. S. Attorneys, to Mr. Gernot Weidner, the Consul General of the Austrian embassy in Washington, D. C.

The Honorable Judge may issue a minute order, or not, whichever is acceptable to her.

Respectfully submitted,

Sundeep Kishore

Lawton Correctional Facility

8607 S. E. Flowermound Rd.

Lawton, OK 73501

Unit Operation Leader                Sundeep-Kishore
Administration Bureau                Lawton Correctional Facility
Records Division                     8607 S. E. Flowermound Rd.
Oklahoma City Police Department      Lawton, OK 73501
701 Colcord Drive
Oklahoma City, OK 73102              10-22-07

October 17, 2007

   As per Title 51 O.S.§ 24A.1, known as the Oklahoma Open records Act, I am seeking access to records pertaining to me:

   1) Sundeep-Kishore, arrested on March 1, 2003, in Prague, Lincoln County. records from Lincoln County in case no. CF-03-00123 show Officer Ron Bradford from the agency--Oklahoma City Police--as arresting officer and arresting agency.

   2) In case no. CF-2003-1331, it shows Officer Ron Bradford from the Oklahoma City Police making the arrest, and the Oklahoma City Police Department as the arresting agency.

   I have, in previous years, requested access to these records, but the only records released by the Oklahoma City police are from the latter part of 2004. I have not received a single page concerning these two cases from March 2003.

   As per Title 51 O.S. § 24A.8, Law Enforcement Records-Disclosure, in point it clearly states:

   2) facts concerning the arrest, including the cause of arrest and name of the arresting officer;

   5) a chronological list of incidents, including initial offense report information, showing the offense, date, time, general

location, officer, and a brief summary of what occurred; and

6) Crime summary, including a departmental summary.

I am being denied access to these records so that Officer Ron Bradford's illegal activities-- giving false statements and false representations to couver up illegal FBI acitivities--can be covered up.

The Oklahoma City Police Department is in clear violation of the Oklahoma Statutes.

I am giving the Oklahoma City Police Department a twenty-(20) day period in which to respond to this request for access to records, at the end of which I will initiate a judicial review proceeding.

I an being denied the "right of every person to get access of records." The rights of Equal Protection and Equal Justice are not being extended.

As it is certain that Officer Ron Bradford's role is critical in both cases, and he is obviously trying to hide information, I should also be provided access to his employment and personnel files. The internal records regarding complaints and/or disciplinary reocords are directly relevant and material to these two cases. **SEE NUCKOLS v. GIBSON, 233 F.3d 1261 (10th Cir. 2000)**. His credibility is at issue.

If the Oklahoma City police department was really the arresting agency, they would also be guilty of not allowing me the right of consular notification.

I am not being provided records concerning my arrest,

interrogation, etc., which would show how all my civil rights were violated.

Was this all done on the basis of my ethnicity or perceived nationality?

Respectfully submitted,

*Sundeep-Kishore* (signature)

Sundeep-Kishore

Lawton Correctional Facility

8607 S. E. Flowermound Rd.

Lawton, OK 73501

Pg 3-3.

cc:

1) Embassy of Austria - Consul General Gernot Wiedner

2) Judge Collyer, re: Civil Action 07-1299 (RMC), Sundeep-Kishore v. U. S. Department of Justice, Unites States Attorneys' Office and the Federal Bureau of Investigation in United States District Court for the District of Columbia, Washington, D. C.

3) ACLU, Washington, D. C.

4) Chief, Oklahoma City Police Department

5) City Attorney, Oklahoma City

Enc: Copy of Docket Sheet (1) Oklahoma County; (2) Lincoln County, OK.

# OKLAHOMA DISTRICT COURT RECORDS

Disclaimer   Home

Back   New Search   Search Again   OCIS Counties   Search Hints

## Case Detail    EXHIBIT 1

| | |
|---|---|
| County: | Lincoln - **County Last Updated: 09/10/2007 16:00** |
| Case: | CF-03-00123 <br> STATE OF OKLAHOMA vs. KISHORE, SUNDEEP |
| Date Filed: | 05/02/2003 |
| Amount Owed: | $0.00 (as of 09/10/2007 16:00) |

### Offenses

UNLAWFUL POSSESSION OF CONTROLLED DANGEROUS SUBSTANCE WITH INTENT TO DISTRIBUTE TO DIST
UNLAWFUL POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE

### Parties

| | |
|---|---|
| Attorney | PRO SE |
| Attorney | BARNETT, BARNEY K (OIDS) |
| Defendant | KISHORE, SUNDEEP - Lawton OK |
| Agency | OKLAHOMA CITY POLICE |
| Judge | VASSAR, PAUL M - CHANDLER OK |
| Officer | BRADFORD, RON |
| DA | SMOTHERMON, RICHARD L - GUTHRIE OK |

### Case Entries

| Date: | Case Entries | Amount |
|---|---|---|
| 05/02/2003 | FILE INFORMATION | |
| 05/02/2003 | FILE FELONY INFORMATION (SUBSEQUENT COUNT) | |
| 05/02/2003 | APPLICATION AND ORDER FOR PROBABLE CAUSE: FILED | |
| 05/02/2003 | FELONY WARRANT OF ARREST: ISSUED | |
| 10/31/2003 | MOTION FOR DISMISSAL OF CHARGES: FILED | |
| 10/31/2003 | MOTION FOR A SPEEDY TRIAL: FILED | |
| 11/25/2003 | MOTION TO EXCLUDE EVIDENCE: FILED | |
| 11/25/2003 | MOTION TO ISSUE BLANK SUBPOENAS: FILED | |
| 12/08/2003 | MOTION TO DISCLOSE EVIDENCE: FILED | |
| 07/06/2004 | MOTION FOR DISCOVERY, SPEEDY TRIAL, AND TO ISSUE SUBPOENAS: FILED | |
| 07/06/2004 | MOTION TO DISMISS: FILED | |
| 01/27/2005 | LETTER FROM SUNDEEP KISHORE: FILED | |
| 07/15/2005 | LETTER FROM SUNDEEP KISHORE: FILED | |
| 09/12/2005 | MOTION FOR A JUDICIAL ENFORCEMENT OF 'OKLAHOMA OPEN RECORDS ACT': FILED | |
| 01/23/2006 | MOTION TO DISMISS WITH PREJUDICE: FILED | |
| 02/27/2006 | LETTER FROM SUNDEEP KISHORE: FILED SENT REPLY-AG | |
| 04/12/2006 | PRO-SE DEFENDANT'S MOTION TO INFORM: FILED | |

# OSCN — THE OKLAHOMA STATE COURTS NETWORK
www.oscn.net

| Home | Courts | Court Dockets | Legal Research | Calendar | Help |

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY, OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, Plaintiff, v. SUNDEEP KISHORE, Defendant. | No. CF-2003-1331 (Criminal Felony) Filed: 03/11/2003 Closed: 06/30/2005 Judge: Bass LeSure, Tammy |

## Parties

EXHIBIT 2

KISHORE, SUNDEEP, Defendant
Oklahoma City Police Department, ARRESTING AGENCY
STATE OF OKLAHOMA, Plaintiff

## Attorneys

**Attorney**
McKesson, Anthony B.(Bar # 12776)
1236 SOUTHWEST 65TH STREET
OKLAHOMA CITY, OK 73139

**Represented Parties**
KISHORE, SUNDEEP

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|
| Thursday, April 10, 2003 at 13:30 PM PRELIMINARY HEARING CONFERENCE X 1(PRELIMC) | KISHORE, SUNDEEP | Donald Deason | |
| Monday, May 5, 2003 at 9:00 AM PRELIMINARY /annx 1(PLH) | KISHORE, SUNDEEP | Donald Deason | |
| Monday, June 16, 2003 at 9:00 AM PRELIMINARY/ann x 2(PLH) | KISHORE, SUNDEEP | Donald Deason | |
| Monday, July 28, 2003 at 9:00 AM HEARING(HEA) | KISHORE, SUNDEEP | Donald Deason | |
| Monday, September 8, 2003 at 9:00 AM HEARINGx 1(HEA) | KISHORE, SUNDEEP | Donald Deason | |
| Monday, October 20, 2003 at 9:00 AM HEARINGx 2(HEA) | KISHORE, SUNDEEP | Donald Deason | |
| Monday, December 8, 2003 at 13:30 PM PRETRIAL CONFERENCE(PTC) | KISHORE, SUNDEEP | Tammy Bass LeSure | |
| Wednesday, February 4, 2004 at 13:30 PM PRETRIAL CONFERENCE(PTC) | KISHORE, SUNDEEP | Tammy Bass LeSure | |
| Friday, June 4, 2004 at 10:00 AM CALL DOCKET- TRIAL(CDT) | KISHORE, SUNDEEP | Tammy Bass LeSure | |
| Monday, June 7, 2004 at 9:00 AM JURY TRIAL (ISSUE)(JTI) | KISHORE, SUNDEEP | Tammy Bass LeSure | |
| Wednesday, July 7, 2004 at 9:00 AM PRETRIAL CONFERENCE(PTC) | KISHORE, SUNDEEP | Donald Deason | |
| Wednesday, July 7, 2004 at 9:00 AM HEARING/Remand(HEA) | KISHORE, SUNDEEP | Donald Deason | |
| Wednesday, August 4, 2004 at 9:00 AM HEARING/Remand x 1(HEA) | KISHORE, SUNDEEP | Donald Deason | |
| Wednesday, August 18, 2004 at 13:30 PM PRETRIAL CONFERENCE(PTC) | KISHORE, SUNDEEP | Tammy Bass LeSure | |
| Friday, December 3, 2004 at 10:00 AM CALL DOCKET- TRIAL(CDT) | KISHORE, SUNDEEP | Tammy Bass LeSure | |
| | KISHORE, SUNDEEP | Tammy Bass LeSure | |

## Verification and Certificate of Service

I, Sundeep-Kishore do hereby certify that on this 23rd day of October, 2007, I caused the foregoing "Motion To Seek Clarification About Rule 59(e) Federal Civil Procedure" to be served on "Defendants", postage pre-paid as follows:

Mr. Merceden Momeni
Assistant United States Attorney
555 4th Street, NW
Civil Division
Washington D.C. 20530

*/s/ Kishore*
Sundeep-Kishore
Pro-Se Plaintiff
Lawton Corr Facility
8607 S.E. Flower Mound Rd,
Lawton, OK-73501-9765.