# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNDEEP KISHORE ) | |
| ) | |
| Plaintiff - *Pro Se*, ) | |
| v. ) | |
| ) | Civil Action No. 07-1299 (RMC) |
| ) | (ECF) |
| U.S. DEPARTMENT OF JUSTICE, et al. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND FOR A BRIEFING SCHEDULE

Defendants, Federal Bureau of Investigations ("FBI") and the Executive Office for

United States Attorneys ("EOUSA"), (collectively "Defendants"), by and through undersigned

counsel, hereby move for extension of Defendant's response time to the complaint and request

that the Court adopt the attached proposed briefing schedule, for dispositive motion practice.

Good cause exists to grant this motion.

1. Defendants' response to Plaintiff's complaint is due on November 23, 2007.

2. Defendants require additional time to prepare and file their dispositve motion in

response to Plaintiff's complaint. Undersigned counsel has been advised by the FBI that on

November 19, 2007, the FBI released to Plaintiff records responsive to his Freedom of

Information Act ("FOIA") request. A total of 320 pages were reviewed and determined to be

responsive. Out of these 320 pages, 308 pages were released either in full or in part, and 12

pages were withheld in full. Withholdings were made pursuant to various Privacy Act and FOIA

Exemptions. *See* Exh. A, FBI Cover Letter. Now, the FBI must prepare a *Vaughan* Index and

draft the declaration needed for Defendant's motion for summary judgment. Because the FBI is

involved in competing litigation–as noted in the Defendants' August 22, 2007 Motion to Enlarge–and is also is in the process of relocating the offices of certain FOI/PA staff outside the District of Columbia, additional time is required to draft the aforementioned documents.

    3.  EOUSA released documents responsive to Plaintiff's request on or about September 5, 2007, and also referred other documents to the FBI for processing.  *See* Exh. S, EOUSA cover letter.

    4.  Because Plaintiff is incarcerated, and is proceeding *pro se*, Local Rule 7(m) does not apply to this motion.  Undersigned counsel, therefore, has not obtained his position as to the relief requested.[1]

    5.  This is the second request made for an extension of the response deadline.

    WHEREFORE, Defendants request that this enlargement be granted, and that the filing date for its dispositive motion, in response to Plaintiff's complaint, be extended to January 7, 2008; oppositions to be filed no later than February 7, 2008, and replies to be filed on or before February 27, 2008.

---

    [1]  Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with *pro se* parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner *pro se* parties.  This practice is informed by, and consistent with, Local Civil Rule 16.3(a).  Local Civil Rule 16.3(a) excludes prisoner *pro se* parties from the Court's meet-and-confer requirements.  Specifically, that Rule requires "[c]ounsel (including any nonprisoner *pro se* party)" to meet and confer prior to a scheduling conference.  LCvR 16.3(a).

Dated November 20, 2007.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
(202) 305-4851

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November, 2007, I caused the foregoing *Motion to Extend Time and for a Briefing Schedule* to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

SUNDEEP KISHORE
#517067-LCF-GED 1D116
8607 S.E. FLOWER MOUND ROAD
LAWTON, OK 73501-9765

 /s/ 
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Civil Division
Washington, D.C.  20530
(202) 305-4851
(202) 514-8780 (facsimile)

- 4 -

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SUNDEEP KISHORE** | ) |
| | ) |
| **Plaintiff - Pro Se,** | ) |
| **v.** | ) |
| | ) **Civil Action No. 07-1299 (RMC)** |
| | ) **(ECF)** |
| **U.S. DEPARTMENT OF JUSTICE, et al.** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**<u>ORDER</u>**

Upon consideration of Defendants' Motion To Extend Time to Respond to Plaintiff's

Complaint and for a Briefing Schedule, and the entire record herein, the Court is of the opinion

and finds that, for the reasons set forth by Defendants, that Defendants' motion should be

GRANTED.  Deadlines for dispositive motions shall be as follows:

Dispositive Motions shall be filed no later than January 7, 2008;

Oppositions shall be filed on or before February 7, 2008; and,

Replies shall be filed on or before February 27, 2008.

Accordingly, it is on this ____ day of _____, 2007,

ORDERED that Defendants' Motion be and is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE

Copies to Counsel via ECF
and to
SUNDEEP KISHORE
#517067-LCF-GED 1D116
8607 S.E. FLOWER MOUND ROAD
LAWTON, OK  73501-9765



**U.S. Department of Justice**



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MR. SUNDEEP KISHORE                                   November 19, 2007
**517067
LAWTON CRIMINAL FACILITY
8607 SOUTHEAST FLOWER MOUND ROAD
LAWTON, OK 73501

Subject: KISHORE, SUNDEEP

FOIPA No. 1067407- 001

Dear Requester:

        The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5,
United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure,
with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was
inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked
below and explained on the enclosed Explanation of Exemptions form:

|  | **Section 552** |  |  | **Section 552a** |
|---|---|---|---|---|
| ☐(b)(1) |  | ☐(b)(7)(A) |  | ☐(d)(5) |
| ☒(b)(2) |  | ☐(b)(7)(B) |  | ☒(j)(2) |
| ☒(b)(3)  FRCP, RULE 6 (e) |  | ☒(b)(7)(C) |  | ☐(k)(1) |
|  |  | ☒(b)(7)(D) |  | ☐(k)(2) |
|  |  | ☒(b)(7)(E) |  | ☐(k)(3) |
|  |  | ☐(b)(7)(F) |  | ☐(k)(4) |
| ☐(b)(4) |  | ☐(b)(8) |  | ☐(k)(5) |
| ☒(b)(5) |  | ☐(b)(9) |  | ☐(k)(6) |
| ☒(b)(6) |  |  |  | ☐(k)(7) |

320 **page(s)** were reviewed and 308 **page(s)** are being released.

☐  Document(s) were located which originated with, or contained information concerning other
   Government agency(ies) [OGA]. This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this
        information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in
writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425
New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the
date of this letter. The envelope and the letter should be clearly marked "Freedom of Information
Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it
may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was
the focus of the investigation. Our search located additional references, in files relating to other
individuals, or matters, which may or may not be about your subject(s). Our experience has shown,
when ident, references usually contain information similar to the information processed in the main file(s).
Because of our significant backlog, we have given priority to processing only the main investigative file(s).



**GOVERNMENT
EXHIBIT
A**

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Enclosed are copies of documents from two main files, one cross-reference and an 11 page EOUSA referral that are responsive to your request. A cross-reference is the mention of you in a file relating to other individuals, or matters. When processing this reference, the only pages considered for release were the pages which mentioned you and any surrounding pages showing the context in which you were mentioned.

Pursuant to Title 28, Code of Federal Regulations, Sections 16.11 and 16.49, there is a fee of ten cents per page for duplication. No fees are assessed for the first 100 pages. Please remit a check or money order, payable to the Federal Bureau of Investigation in the amount of $20.80. Please include the above referenced FOIPA number with your payment.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

SEP - 5 207

Requester: Sundeep Kishore _____ Request Number: 07-2264 [x-ref. 05-1036] _____

Subject of Request: Self/Investigation of by U.S. Attorneys Office, Western District of Oklahoma _____

Dear Mr. Kishore:

        Prior communications from this office made in connection with the above request numbers
advised you that a) no records could be located in response to your specific request to know the name
of the Assistant U.S. Attorney involved in your criminal investigation (FOIA No. 05-1036), and (b)
that your request for all information on yourself was defective (FOIA No. 07-2264). This letter is a
correction to those responses based upon a review of your FOIA files and further search performed by
the above-referenced U.S. Attorney's Office for the file that previously could not be located.

        Your request for records under the Freedom of Information Act/Privacy Act has been
processed. The Executive Office for United States Attorneys is the official record-keeper for all
records located in this office and the various United States Attorneys' Offices, including the U.S.
Attorneys Office for the Western District of Oklahoma..

        In reviewing the records retrieved and forwarded to our office, we have considered your request
in light of the provisions of both the Freedom of Information Act and the Privacy Act, so as to provide
you with the greatest degree of access authorized by the statutes.

        The records you seek are located in a Privacy Act system of records that, in accordance with
regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy
Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and
are making all records required to be released, or considered appropriate for release as a matter of
discretion, available to you. This letter is a [ x ] partial [    ] full denial.

        Enclosed please find:

____14__ page(s) are being released in full (RIF);
_____1__ page(s) are being released in part (RIP);
_____0__ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to
determine if any information could be segregated for release.**

        The exemption(s) cited for withholding records or portions of records are marked below. An
enclosure to this letter explains the exemptions in more detail.



Section 552                                                    Section 552a

[   ] (b)(1)        [   ] (b)(4)        [   ] (b)(7)(B)        [ x ] (j)(2)
[   ] (b)(2)        [ x ] (b)(5)        [   ] (b)(7)(C)        [   ] (k)(2)
[   ] (b)(3)        [   ] (b)(6)        [   ] (b)(7)(D)        [   ] (k)(5)
_____         [   ] (b)(7)(A)     [   ] (b)(7)(E)        [   ] _____
_____                            [   ] (b)(7)(F)

[ x ]   A review of the material revealed:

[ x ]   ____11_____ page(s) originated with another government component, the Federal Bureau of Investigation (FBI).  **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.**  It is possible that the FBI will determine that these records are duplicates of those that they are reviewing in connection with a separate request that you made to them.  It is also possible that they will determine to return records to this office for further action, in which case, we will advise you by supplemental communication.

This is the final action this office will take concerning your request.

As you are presently litigating the matters addressed in the letter, you are not required to appeal the decision to withhold records to the Office of Information and Privacy.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

Form No. 021 – no fee -1/06