IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sundeep-Kishore, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: CV-07-1299 RMC |
| ) | |
| U.S. Department of Justice, et al, ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DECLARATION OF JOHN F. BOSEKER**

Plaintiff hereby informs the Court that the declaration of the Attorney Advisor in the EOUSA suggests on page 7 of 11, "The name searched under was Mr. Sundee_Kishore, and the FBI internal file number."

The misspelling had occurred in the name as a result of a communication between the District Attorney's Office for Oklahoma County and the USAO. They suggest that this was a State of Oklahoma prosecution file. In actuality, there would be no State of Oklahoma file were it not based entirely upon the records of the USAO and the FBI-OKC.

The record will show that the Plaintiff was not provided nay of this information before his state trial, in CF-2003-1331, by the AUSA.

The USAO has also not provided documentation indicating how the USAO supervised the FBI's consular notification process, nor how the USAO documented the sealing of tapes of recorded conversations. Neither has the USAO provided documentation showing whether it

**RECEIVED**

MAR 2 4 2008


NANCY MAYER WHITTINGTON, CLERK

-1-

complied or refused to comply with the requirements of Fed. R. of Criminal Procedure 41, which governs the conduct of federal officers. As the record clearly shows, the search and arrest of the Plaintiff was federal in character.

Only federal agents and federal employees participated in the whole procedure of conducting this investigation. Surveillance and interception of communications was performed by federal officers. Only federal employees participated in the entire procedure of applying to get a warrant, serving the warrant, conducting the search, arresting and keeping the fruits of the search.

No documentation has been handed to the Plaintiff, regarding when the federal agents presented the Plaintiff to the magistrate for arraignment or for a probable cause hearing and how this was supervise by the USAO office.

The Jencks Act, as per 18 U.S.C. § 3500 (b), enables a defendant to obtain transcripts of grand jury testimony by a government trial witness when that testimony relates to matters explored on direct examination of the government witness at trial. **U.S. v. Knowles, 594 f.2d 753, 754 (9th Cir. 1979)**. I have no alternative mechanism to obtain statements made by federal agents, which include inconsistent statements and perjured statements.

The declaration of Attorney Advisor EOUSA shows that there was an error in reading letters and response, and that the District Attorney misspelled the name. But the Plaintiff had provided several certifications of identity, and the records should have not contained any errors in the original opening of the USAO file.

I request of the Court that I be able to obtain the entirety of the documentation without redactions, as for years the only response I have gotten has been: "No records."

Due to severe restriction in using the law library facility and in researching, the Plaintiff should be provided with some form of legal assistance to assist with clear-cut issues of law. Maybe the ACLU of the NCA might be able to assist me in dealing with all the complex issues. I do not have the resources to Shepardize the cases where the exemptions asked for have a case rule applied.

I am a foreign citizen, not adept at the court system in the USA. The inmate court clerks at this private prison have not had any experience in dealing with federal investigations, nor in what is required to present such a case.

I would request the Honorable Judge to ask for an in camera review of the documents to see if the exemptions asked for are still valid.

Respectfully submitted,

Kishore, Sundeep

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sundeep-Kishore, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: CV-07-1299 RMC ) |
| U.S. Department of Justice, et al, | ) ) |
| Defendant | ) ) |

**PLAINTIFF'S REPLY TO DECLARATION OF DAVID M. HARDY, FBI CHIEF RECORD**

Plaintiff has clearly shown that he tried to get records from the FBI HQ and the FBI-OKC before my criminal trial started in Oklahoma County, Oklahoma, and Lincoln County, Oklahoma in 2005, in which the investigation was solely investigated by FBI-OKC for federal crimes.

Plaintiff failed to get the pertinent information from the FBI through no fault of his own, but by the FBI's own inadvertent actions, or maybe a policy of using this tactic to delay as much as possible in releasing information.

The FBI has failed to release a single document showing the FBI-CI's, J. Rendon, movements on the day of March 1, 2003, hours before the search warrant was executed. Plaintiff in preliminary trial in Lincoln County, Oklahoma, in 2006 repeatedly asked FBI Special Agent Gillespie which agent had suggested to FBI-CI to enter the property

-1-

where search warrant was going to be executed to plant narcotics in said premises. This all is on record as per transcripts of preliminary trial. FBI Agent Gillespie would not answer the question. FBI agents have hidden this information that they were involved in conspiring with FBI-CI to entrap the Plaintiff.

FBI agents have also not disclosed the telephone conversation FBI-CI had with the Plaintiff on March 1, 2003, where Plaintiff made clear the conversation would totally absolve him of any wrongdoing and was totally exculpatory in nature. FBI agents then destroyed records of this conversation.

This is why Plaintiff is being denied access to the logbook of surveillance activities, and the logbook of recorded conversations—and denied access to the records of "sealing" of tapes. I am also being denied access to records of how many gadgets (taping devices) were provided to FBI-CI Rendon, as testimony of FBI-CI and FBI agents were contradictory in CF-2003-1331. Records are also not being shown of how many times the machine was turned on and shut of—which could prove Plaintiff's theory that the FBI-CI would start a conversation intent on misleading and trying to entrap, and start the machine editing out portions of the FBI-CI's own missteps. FBI can withhold techniques involving monitoring, but give the number of devices operated per single recording.

As the ELSUR records are concerned, the intercepts should not be denied in their entirety, as (b) (7) (D)—concerning confidentiality is moot. The FBI-CI was on the stand in a public trial, and due to

testifying in court, and FBI agents Wagner and Swarens and alleged victim Watson all testifying—there should be no privacy concerns.

In their capacity as public officials FBI agents may not have as great a claim to privacy. **Lesar v. U.S. D.O.J. 636 F.2d 472 (1980)**, specifically when their activities strayed beyond the bounds of initial lawful security aim.

"Public interest," specifically the interest of the minority class, and the interest of the European public, and the interests of people mistaken for having middle-Eastern ethnic look—and "in ensuring the integrity and reliability of government investigations procedures is greater where there is some evidence of wrongdoing on the part of the government official." **Hunt, 972 F.2d at 289**.

Public interest is disclosure far outweighs the privacy interest of the official. **Lissner v. U.S. Customs Service, 241 F.3d 1220 (9th Cir. 2001)**.

For this purpose, the information about FBI Special Agent Wagner, the lead and main agent involved in this investigation, and who was charged with 'False Reporting of Crimes,' a felony crime in Cleveland County, Oklahoma, in 2005—the following two types of information are needed and are important to show that his behavior was a regular risk.

1) details about the commission of the offense, and
2) decision by the U.S. Attorney's Office and the FBI-OKC decision to intervene to mitigate reduction of charges and fines because of his status as a federal law officer.

Government wrongdoing and prosecutorial misconduct along with U.S

-3-

Attorney's Office and the FBI conspiring to keep Brady, Giglio, Jencks Acts materials away from the Plaintiff, besides other exculpatory evidence.

Confidentiality from FBICI cannot be inferred with his giving days of public testimony in court—so how can assurance of confidentiality be presumed? There has been no documentation to show the conditions during interrogation and the time frame. No documentation has been provided from federal employee Ron Bradford, who asked for the warrants to be made.

Agreements of witnesses and FBI-CI with government agents can be potentially exculpatory material.

The warrant was federal in nature, as only federal agents and employees participated in obtaining the warrant and conducting the search.

No documentation has been provided by the federal agents to show when the Plaintiff was presented to magistrate after his arrest for either a probable cause hearing or a bond hearing.

Being denied access of FBI investigators report from the company, which, presumably, the Plaintiff bought the life insurance policy for the alleged victim Watson, which would show that FBI agents gave bogus information, as there was no life insurance policy in effect or even being considered given.

I would ask for obtaining all the documents in their entirety, without redactions--the names of people may be redacted.

Government exhibit 21 shows no address to which it was sent. Oklahoma City police and Prague city police do not have any records of the investigations.

The media sensationalism was caused by information released by the FBI-OKC office, and is disingenuous from the FBI, as it knew it released inaccurate information, knowing it was inaccurate.

The FBI also destroyed documentation of documents showing that both the FBI-CI and alleged victim both owed the Plaintiff substantial amounts of money. These documents were in the wallet of the Plaintiff.

The Plaintiff is also providing documentation from the private prison, Lawton Correctional Facility/GEO, Law Library supervisor, which show that the Plaintiff tried to better prepare in legal research for answering defendants, but the LCF Law Library could not give any help in researching cases or Shepard zing. No inmate law clerk has ever undertaken a FOIA case of a federal nature, so the Plaintiff could not receive any help. Most inmates here have had state investigations, but not federal investigations. (Exhibit enclosed).

The Honorable Judge could order Lincoln County, Oklahoma to turn over the preliminary hearing transcripts to attest to Plaintiff's claim of FBI hiding the evidence of FBI-CI Rendon's movements and telephonic conversations with the Plaintiff on March 1, 2003. FBI agents made false statements of material facts.

The Plaintiff has had a clean record, and never been charged with a crime until this happened. The FBI-CI has been involved in drug crimes and was involved with FBI agents to entrap the Plaintiff. FBI agents participated in this criminal activity.

Plaintiff requests that this Court see that he is provided some legal advice to enable him to confront the U.S. Department of Justice.

All this information was withheld to make sure the Plaintiff would never get a fair trial in either Oklahoma County, Oklahoma, or in Lincoln County.

I declare under penalty of perjury that information provided by Plaintiff is true to the best of my knowledge.

Plaintiff was also in January shaken down in his cell, and various legal materials were thrown away by the GEO correctional officers.

Respectfully submitted,

*[signature]*

Kishore, Sundeep

**REQUEST TO STAFF** LCF CORR FACILITY
GEO

TO: Law Library Supervisor  FACILITY/UNIT: LCF-GEO  DATE: 2-08-08
(NAME AND TITLE OF STAFF MEMBER)

I have ___ have not ___ already submitted a "Request to Staff" or grievance on this same issue.
If yes, what date: _____ facility: _____ grievance #: _____
I affirm that I do ___ do not ___ have a grievance pending on this issue.
I affirm that I do ___ do not ___ have a lawsuit of any type pending or planned that relates in anyway to this issue. If lawsuit pending, indicate case number: _____
This request ___ does ___ does not relate to a pending misconduct report. If it does, this request may only be answered by the investigator assigned to the misconduct.

Copy 1) Self

**SUBJECT:** State completely, but briefly, the problem on which you desire assistance. This statement must be specific as to the complaint, dates, places, personnel involved, and how you were affected. One issue or incident per "Request to Staff." Your failure to specifically state your problem may result in this being returned unanswered.

I need assistance from one of the Law clerk's regarding FOIA exemptions - I need to be able to SHEPARDIZE the cases. Several previous RTS's have gone un-answered from Jan 08.

(USE OTHER SIDE IF MORE SPACE IS NEEDED)

**ACTION REQUESTED:** State exactly how you believe your request may be handled; that is, what exactly should be done and how. Need one of the law clerks to assist in FOIA issues - shepardizing exemptions applicable etc.

NAME: Kishore Sundeep   NUMBER: 517067   UNIT & CELL NUMBER: SE 214
(PRINT)
SIGNATURE: [signature]   WORK ASSIGNMENT: OCI

DO NOT WRITE BELOW THIS LINE
DISPOSITION:

We are unable to comply due to the fact that we do not have the info pamphlets available

STAFF MEMBER [signature]   DATE 3-7-08

DOC 090124D (R 5/07)

Law Library
Legal Visit
C/o Hahn

# Certificate of Mailing

I hereby certify that on this 17th day of March 2008 I sent a copy of the Plaintiffs Reply to Declaration of David M. Hardy, FBI Chief Record and Plaintiffs Reply to Declaration of John F Boseker USAO to Asst. United States Attorney Mr. Merceden Momeni.

Mr. Merceden Momeni
Asst. United States Attorney
555 4th Street N.W.,
Washington D.C. 20530.

I hereby certify that all the statements made by me are true and correct to the best of my knowledge.

*Kishore*

SUNDEEP-KISHORE
#517067