UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNDEEP KISHORE, ) | |
| ) | |
| Plaintiff - *Pro Se*, ) | |
| v. ) | |
| ) | Civil Action No. 07-1299 (RMC) |
| ) | (ECF) |
| U.S. DEPARTMENT OF JUSTICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION
## TO DISMISS AND FOR SUMMARY JUDGMENT

### Introduction

United States Department of Justice components, the Executive Office for United States Attorneys ("EOUSA") and the Federal Bureau of Investigation ("FBI") (collectively "Defendants"), through and by undersigned counsel, hereby submit this Reply in Support of their Motion to Dismiss and for Summary Judgment. The Court entered a *Fox/Neal* Order on January 8, 2008, wherein it instructed Plaintiff to respond to Defendants' opening brief by March 7, 2008. *See* USDC Pacer Doc. No. 22. The foregoing deadline was changed to March 20, 2008, and Plaintiff filed his "Response[s]" to the Boseker and Hardy Declarations (submitted in support of Defendants' Motion to Dismiss and for Summary Judgment), on or about March 24, 2008. *See* USDC Pacer, Minute Order of January 29, 2008, and Doc. No. 27.

It is unclear whether Plaintiff intended for Document number 27 ("Response") to serve as a full opposition to Defendants' Motion, or he simply wished to file a document to meet the Court's deadline and request that the Court "provide [him] with some form of legal assistance"

or "advice to enable him to confront" Defendants. *See* USDC Pacer Doc. No. 27 at 3 and 9.[1] Insofar as the Court may construe the foregoing as a motion by Plaintiff for appointment of counsel, Defendants takes no position.[2] If the Court deems Document number 27 to be an Opposition to Defendants' Motion to Dismiss and for Summary Judgment ("Motion" or "Opening Brief"), it is deficient. The Response does not comply with Local Civil Rules 7(h) and 56.1, failing to respond to Defendants' Statement of Material Facts Not in Dispute ("SMF"), as required. *See generally*, USDC Pacer Doc. No. 27. Plaintiff also fails to provide the Court with a statement of genuine issues in dispute. *Id*. Accordingly, all factual assertions in the SMF

---

[1] For ease of reference, Defendants will cite to the Court's designated page numbers, provided on the upper right hand corner of Doc. No. 27, rather than the separate page numbering on each of the "Responses" and attachments, as indicated by Plaintiff.

[2] Defendants note that in civil matters appointment of counsel should be made only when it is necessary to avoid fundamental unfairness. *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981). In *Willis v. FBI*, 274 F.3d 531 (D.C. Cir. 2001), a Freedom of Information Act ("FOIA") matter, the D.C. Circuit affirmed the District Court's denial of appointment of counsel and stated that Local Civil Rule 83.11(b)(3) controls in determining whether to appoint counsel in FOIA cases. *Id*. at 533. The Circuit Court noted that the District Court must take into account

> (i) the nature and complexity of the action, (ii) the potential merit of the claims as set forth in the pleading, (iii) the inability of the *pro se* party to retain counsel by other means, (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel, and (v) any other factors deemed appropriate by the judge to serve the interests of justice.

*Id*. at 532-33. *See also Mendoza v. DEA*, 2007 U.S. App. LEXIS 22175 (D.C. Cir., Sept. 14, 2007) (*per curiam*) (affirming the district court's grant of summary judgment to defendant and denying appellant motion for appointment of counsel in a FOIA case because, with the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits); *Rankin v. FBI*, 1992 U.S. Dist. LEXIS 1708 (E.D. Pa. 1992) (denying appointment of counsel because the FOIA action was not complex and plaintiff had shown ability to proceed *pro se* by filing numerous motions).

should be deemed admitted. *Cf. Twist v. Meese*, 854 F.2d 1421 (D.C. Cir. 1988), *cert. denied*, 490 U.S. 1066 (1989). Alternatively, Plaintiff's Response fails to raise a genuine issue of material fact in dispute, as explained below, in Sections II through IV, *infra*. Therefore, judgment should be entered in favor of Defendants.

**Argument**

I. Plaintiff's Claims of Delay in Release of Responsive Documents are Irrelevant.

Plaintiff makes much ado about Defendants' alleged failure to timely release the requested records and the purported impact on another legal matter in which he was involved.[3] Response at 1. When, or in what sequence, the responsive records were released is irrelevant for the purposes of granting summary judgment in favor of Defendants. *See Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) ("However fitful or delayed the release of information, . . . if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under FOIA.") (internal quotations and citations omitted). The "*only* question for summary judgment is whether the agency finally conducted a reasonable search and whether its withholdings are justified." *Landmark Legal Foundation v. Environmental Protection Agency*, 272 F.Supp. 2d 59, 62 (D.D.C. 2003) (emphasis added). Indeed, courts have held that continuing discovery and release of documents . . . "shows good faith on the part of the agency that it continues to search for responsive documents." *Id*. at 63 *(citing Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986)).

Here, both EOUSA and the FBI produced highly detailed, non-conclusory declarations, which demonstrate that good faith efforts were put forth in finding all responsive documents in

---

[3] For the purposes of summary judgment, the underlying reasons for the request are irrelevant.

2007, and that the responsible officials conducted searches that could only be described as more than adequate. *See* the Boseker and Hardy Declarations, attached to the Opening Brief. Indeed, the Boseker Declaration, in 40 paragraphs, attested to the adequacy of both initial and subsequent searches (¶¶ 29-33), the release of all responsive, non-exempt documents (¶¶ 27-28), and subsequent actions, especially in the handling of documents originating with the FBI (¶¶ 25-27). The Hardy Declaration consisted of 107 paragraphs. It outlined the correspondences between Plaintiff and the FBI, in which the initial inability to release certain files was discussed (¶¶ 5-33), attested to the Plaintiff's failure to pay the required duplication fees (¶ 35), described the handling and release of documents received from EOUSA as well as the hundreds of pages found internally (¶¶ 36-37), discussed the Agency's record systems and indices (¶ 38-46), informed the Court about the search process and procedures employed (¶¶ 47-48), and detailed the rationale behind the FBI's invocation of each exemption claimed (¶¶ 53-106). Accordingly, the Defendants are entitled to judgment as a matter of law.

    II.  <u>Plaintiff's Response to the Boseker Declaration is Based on Mere Speculation</u>.

        A.  <u>The Spelling of Plaintiff's Name</u>

Plaintiff seems to imply that any misspelling of his name by the Oklahoma authorities should have reconciled with the "certifications of identity" he provided to the United States Attorneys Offices ("USAO"). *See* Response at 1-2. While it is true that Plaintiff's name was misspelled by the Oklahoma authorities and that he later provided certificates to the agency with the correct spelling, any initial failure to note the difference has now been cured. EOUSA has now provided Plaintiff with all responsive documents, with partial redactions to a single page only. *See* Boseker Decl. ¶¶ 36-40.

B.  Plaintiff's Speculation about the Existence of Documents

Plaintiff seems to suggest that EOUSA's search was inadequate because certain documents may or, ostensibly in Plaintiff's opinion, should exist in its files. *See* Response at 1-2.  The fundamental question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those was adequate." *Steinburg v. United States Dept. of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994).  In other words, "the focus of the inquiry is not on the results." *Hornbostel v. United States Dept. of the Interior*, 305 F. Supp. 2d 21, 28 (D.D.C. 2003); *see also Meerpol* 790 F.2d at 952 (search is not unreasonable simply because it fails to produce all relevant materials).  Plaintiff's "[m]ere speculation that a yet uncovered document may exist does not undermine the finding that the agency conducted a reasonable search for them." *Safecard Services, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  That is because FOIA does not require an agency to conduct "a perfect search" which yields all responsive records. *Appleton v. FDA*, 451 F. Supp. 2d 129, 137 (D.D.C. 2006).  It simply requires that the agency make a clearly reasonable search for such records.  The declarations submitted here demonstrate that the Defendants' searches for responsive records were reasonable.  Plaintiff's theory is directly at odds with D.C. Circuit precedent which firmly articulates that the relevant issue is whether the agency looked in the appropriate places and not whether it found everything that exists. *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (emphasis supplied).

Plaintiff's conjecture about the possible existence of documents "indicating how the USAO supervised the FBI's consular notification process" or "how the USAO documented the sealing of tapes or recorded conversations" (Response at 1-2) is insufficient to rebut the Boseker Declaration's statements regarding the adequacy of the search and ultimate release of all

5

responsive documents. As noted in Section II.A., *supra*, all responsive documents were released to him with only a partial redaction of one page, based on Exemption (b)(5). Therefore, EOUSA is entitled to judgment as a matter of law.[4]

    III. <u>Plaintiff's Response to the Hardy Declaration Does Not Defeat FBI's Motion</u>.

Preliminarily, it should be noted that Plaintiff does not deny that he failed to pay the search fees as required by statute. *See* Response at 4-12. Thus, he has failed to exhaust his administrative remedies and the case should be dismissed as to the FBI. *See* legal arguments on this issue in Opening Brief at pp. 5-8.

Plaintiff goes to great lengths to convince the court that the FBI has not fully released responsive documents. *See* Response at 4-6. For example,[5] Plaintiff states that the FBI "has failed to release a single document showing the FBI's [Confidential Informant]'s . . . movements on the day of March 1, 2003, hours before the search warrant was executed." *See* Response at 4. Third party information sought by Plaintiff, if in existence, cannot be released without a death certificate or a privacy waiver form, duly executed by the individual. The law is well settled that all of these individuals, ranging from FBI Special Agents and support staff, to third parties and

---

[4] Plaintiff requests that the Court conduct "an in camera review of the [EOUSA] documents [sic] to see if the exemptions as for are all still valid." *See* Response at 3. No such review is necessary because EOUSA's withholding of a portion of one page is based on the attorney work product and deliberative process only, as attested to by Mr. Boseker. Boseker Decl. ¶¶ 35-38. In FOIA cases, Courts afford government official's declarations a presumption of good faith. Further, because no prosecution or acceptance of Plaintiff's case was undertaken by the United States Attorney's Office, the assertion that there must be records of a certain type at this juncture is erroneous on its face. *Id*. ¶¶ 31-33.

[5] Plaintiff also argues that information on "FBI Special Agent Wagner" should be released, claiming that the Special Agent was "charged with 'False Reporting of Crimes,' . . . in Oklahoma. *See* Response at 6. Plaintiff's naked allegations, without any proof whatsoever, cannot form the basis for denial of Defendants' Motion.

victims, have substantial, protectable privacy interests in their anonymity. *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 893, 895-96 (D.C. Cir. 1995); *Computer Professionals for Social Responsibility*, 72 F.3d at 904; *Farese v. U.S. Dept. of Justice*, 683 F. Supp. 273, 275 (D.D.C. 1987); *Lesar v. U.S. Dept. of Justice*, 636 F.2d 472, 487-88 (D.C. Cir. 1980). The Hardy Declaration reflects clearly that Exemption 7(C), protecting the identity of third parties, was appropriately applied in this case to protect names and personal information of the foregoing individuals.

Additionally, the FBI asserted exemption 7(D) in conjunction with Exemption (b)(6) and 7(C) in this matter to protect information furnished by a third party who was interviewed during the course of the FBI investigation. Hardy Decl. ¶¶ 100-101. In this case, the third party who provided highly detailed information specifically requested that his/her identity not be disclosed. *Id*. Prior to conducting the interview, the FBI expressly promised this interviewee that his/her identity and the information he/she provided would not be released. This is evidenced by the word "PROTECT" when this individual's name is referenced in the file. *Id*. ¶ 100. The word "PROTECT" is a positive indication supporting an express assurance of confidentiality. *Id.* The FBI has found that it is only with the understanding of complete confidentiality that the aid of such sources can be enlisted, and only through this confidence that these sources can be persuaded to continue providing valuable assistance in the future. The FBI has released as much segregable information as possible without disclosing the source's identity. *Id*. Moreover, Exemption 7(D) continues to apply even after an investigation has been closed, *Ortiz v. HHS*, 70 F.3d 729, 733 (2d Cir. 1995), *cert. denied*, 517 U.S. 1136 (1996), and after the death of the source. *Campbell v. Dept. of Justice*, 164 F.3d 20, 33 n.14 (D.C. Cir. 1998). Hence, the third-party information sought by Plaintiff is not releasable at this stage, or into the future.

7

Finally, Plaintiff claims that he should be permitted to review the redacted documents in their original form.  *See* Response at 7.  The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions."  5 U.S.C. § 552(b); *Mead Data Cent., Inc. v. United States Dept. of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).  A review of Mr. Hardy's declaration reveals that the FBI carefully reviewed the information and confirms that all reasonably segregable non-exempt material has been released.  Hardy Decl. ¶¶ 49, 64, 82, 101 and 107.  *Armstrong*, 97 F.3d at 578-79; *Mead Data*, 566 F.2d at 26.  In the final analysis, it is clear that the FBI has released all reasonably segregable material to Plaintiff.

**Conclusion**

Because there is no support for Plaintiff's allegation that the Defendants have improperly withheld the records that he seeks, Defendants are entitled to judgment as a matter of law.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
MERCEDEH MOMENI
Assistant United States Attorney
Civil Division
555 4th Street, N. W.
Washington, D.C.  20530
202-305-4851

*Of Counsel:*

Sarah Jirousek-Wint
Assistant General Counsel
Federal Bureau of Investigation

and

John F. Boseker
Attorney-Advisor
Executive Office of Untied States Attorneys

Dated: April 14, 2008.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2008, I caused the foregoing *Reply in Support of Motion to Dismiss and for Summary Judgment,* to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

SUNDEEP KISHORE
#517067-LCF-GED 1D116
8607 S.E. FLOWER MOUND ROAD
LAWTON, OK 73501-9765

/s/
MERCEDEH MOMENI
Assistant United States Attorney
555 4th Street, NW
Civil Division
Washington, D.C.  20530
(202) 305-4851
(202) 514-8780 (facsimile)